DIERKS v. PERSONS.

Ohio Appeals, 6th Dist., Erie Co.

No. 284.   Decided Sept. 20, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**TRIAL.**
(590 E3a)   If information given by witness is deemed to be such as to effect mistrial, appropriate action must be taken immediately. Court having conformed to request of counsel to instruct jury "not to consider answer" and no further request having been made, error did not result.

(590 Cbl)   If counsel desired explicit instructions, request should be made at proper time.

Error to Common Pleas.
Judgment affirmed.

King, Ramsey & Flynn, Sandusky, and Marshall, Melhorn, Marlar & Martin, Toledo, for Dierks.

Henry Hart, Sandusky, and Fauver & Fauver, Elyria, for Persons.

STATEMENT OF FACTS.

By these proceedings in error the plaintiff in error, C. L. Dierks, seeks to reverse a judgment of $5000.00 rendered against him in the Court of Common Pleas upon a general verdict in favor of the defendant in error, Walter L. Persons. Plaintiff in error will be referred to as the defendant and defendant in error as the plaintiff, the relation borne by them in the Court of Common Pleas.

The cause of action of the plaintiff arose out of a collision between an automobile owned and driven by him and one owned and driven by the defendant. The plaintiff was proceeding southerly on the highway extending in a northerly and southerly direction, and claims, that as he turned east and when on the south side of the main highway which extended in an easterly and westerly direction, the defendant, who was proceeding west thereon, "veered" his automobile across the highway,

colliding with the automobile of plaintiff, resulting in injuries to his person and to his automobile. The plaintiff claimed that the defendant was negligent to his damage in certain alleged particulars, which defendant in his answer denied. The defendant by cross-petition contended that the plaintiff was negligent proximately causing injuries to himself and damage to his automobile.

The defendant claims in his brief that there is prejudicial error in the record in that

1.   A witness called by plaintiff referred to the fact that defendant had said that "he was insured";

2.   The court erred in its general charge to the jury, and

3.   The verdict was against the weight of the evidence.

LLOYD, J.

The offending testimony was that of Mrs. Persons, the wife of plaintiff.

After cross-examination counsel for plaintiff further examined the witness as follows:

"Q.   Just one other question, Mrs. Persons.   Was there anything else said in the conversation between you and Mr. Dierks, that you have not already related?

A.   Yes, I asked Mr. Dierks if he was insured,—

Judge King: I object to that.

A.   And he said, 'Yes, I am.'

Court:   Objection sustained.

Judge King: I move that the answer of the witness be ruled out and the jury instructed not to consider the answer.

Court:   The answer will go out, and the jury will not consider it."

No further reference was made to this incident, either by counsel for defendant or by counsel for plaintiff, nor by the court, until the filing by counsel for defendant of a motion for a new trial, wherein it is alleged as prejudicial error. If the information thus given by the witness was deemed to be such as to effect a mistrial, our opinion is that appropriate action should have been taken immediately. The court conformed to the request of counsel for defendant to instruct the jury "not to consider the answer," and no further request was made. We see no reason for a different rule with respect to a situation such as this than would be invoked as to any incompetent evidence given under similar circumstances.

The portion of the charge of the trial judge which the defendant claims to have been prejudicial error relates to the instructions given as to the applicability of Section 6310-17, General Code, to the facts disclosed in the evidence.

Prior to so instructing the jury the court had stated the law with respect to other statutory provisions relating to traffic regulations and had informed the jury in detail that their applicability depended upon what the evidence disclosed the facts to be, so that in what was said in the above quoted instruction, the jury was advised that this particular statute was or was not applicable depending upon what the jury determined the facts to be. Counsel for defendant complain that in so charging the jury the court failed to differentiate intentional violation of the statute from an involuntary act in an emergency. Whether defendant did or did not conform to the require-

ments imposed by this statute was a question of fact. There was evidence that he did; there was also evidence that he did not; and, if counsel desired explicit instructions in this regard, request should have been made therefor.

An examination of the record does not disclose that the verdict and judgment are manifestly against the weight of the evidence.

Finding no errors in the record prejudicial to the plaintiff in error, the judgment of the Court of Common Pleas is affirmed.

(Richards and Williams, JJ., concur.)