STANDARD MOTOR SALES CO. v. MILLER.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8767. Decided Sept. 24, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**AUTOMOBILES.**

(50 Rb2) Ordinance prohibiting crossing

of street except at regular cross-walks, does not apply to pedestrian standing two or three feet from curb, deliberating upon safety or danger of remaining in that attitude, or proceeding to cross the street.

(50 Nj) Doctrine of negligence per se does not relieve driver of automobile of legal responsibility of exercising due care with reference to pedestrian even though pedestrian was not conforming to requirements of ordinance relating to crossing of streets.

(50 Na2) Salesman in charge of automobile owned by employer, automobile being used for purpose of carrying on his business, his duties making him a free lance to go wherever there is a prospect, is acting within scope of employment, notwithstanding that he may incidentally stop on private errand.

Error to Common Pleas.

Judgment affirmed.

W. H. McMorris, Cleveland, for Motor Sales Co.

Payer, Minshall, Karch & Kerr, Cleveland, for Miller.

### STATEMENT OF FACTS.

This cause is here on error proceedings and it is sought to set aside a judgment obtained against the plaintiff in error by the defendant in error.

It appears that the plaintiff below, Mary C. Miller, instead of crossing from the north side of Euclid Avenue to the south side of Euclid Avenue, the direction in which she intended to go, by way of the cross-walks at East 102nd or East 105th Sts., apparently, from the record, intended to cross over at a point between the cross-walks and it appears from the record that as she left the curb and had gone two or three feet therefrom that a servant and agent of The Standard Motor Sales Co., in attempting to park his car against the curb, started the car in reverse and collided with plaintiff below as she stood some two or three feet from the curb watching the traffic, to ascertain the safety of crossing over to the south curb.

It is charged that the court committed error in not sustaining a motion to direct a verdict for the defendant, and one of the serious complaints is that there was no ground for recovery because an Ordinance of the City of Cleveland, preventing pedestrians from crossing from one curb to another, excepting by way of cross-walks, was violated and that this act was negligence per se and prevented plaintiff from recovery.

SULLIVAN, PJ.

In order properly to adjudge this question, it is necessary to disclose the fact that there was evidence tending to show that the defendant below violated another Ordinance of the City of Cleveland, in backing his car without any warning and it is claimed that this act was also negligence per se, and it is urged that by reason of these parallel facts in the record that no recovery could be had.

We have examined the record to ascertain the exact status of the plaintiff with respect to crossing the street. The Ordinance is to the effect that pedestrians who cross the streets excepting upon cross-walks, or intersections, do so in violation of the Ordinance. However, from an analysis of the record there is evidence of a credible nature which was submitted to the jury that the defendant in error, instead of crossing the thoroughfare, was standing some two or three feet from the curb, examining the situation for the purpose of ascertaining the safety of what was apparently her original intention, and while in this mental and physical attitude, she received the injuries complained of.

From this aspect of the record, we think that the Ordinance in question is immaterial, because its primary purpose applies to a pedestrian in the act of fulfilling the intention to cross and in the physical act of crossing, and would not apply to a pedestrian who was found standing two or three feet from the curb deliberating upon the safety or danger of remaining in that attitude or proceeding to cross the street.

The claim is made that the violation of the Ordinance established negligence per se, on the part of plaintiff below, and that there was nothing for the jury to consider, and that the motion to direct should have been sustained.

It must not be forgotten, however, that a vital problem submitted for the consideration of the jury, was the proximate cause of the accident, and the jury had a right, as bearing upon this question, to consider all the facts and circumstances in the case, especially with reference to the alleged violation of the City Ordinance on the part of both the plaintiff and the defendant. This doctrine of negligence per se certainly did not relieve the defendant below from the legal responsibility of exercising due care with reference to a pedestrian, even though the pedestrian was not conforming to the requirements of the Ordinance relating to the crossing of streets.

The super-structure is the question of proximate cause and if the negligence of the defendant below was the proximate cause, then the injuries complained of happened because of the want of ordinary and proper care on the part of the defendant.

Negligence per se on the part of the plaintiff, even admitting for the moment that there is a basis to the claim, does not relieve the defendant from respect and obedience to the doctrine that requires the exercise of ordinary care, but as heretofore stated, there is evidence of a credible nature in the record, tending to establish the fact that the plaintiff in error, with respect to crossing the street, had gone no farther practically than to form an intention to do so, provided the traffic warranted the venture, but, admitting for the purpose of argument, that there was negligence per se, that doctrine did not relieve the defendant from an act of negligence which the jury, from the record, might determine was the proximate cause of the injuries.

Paine v. Gordon, 14 O. App. Rep. 1.

City of Dayton v. Taylor, Admr. 62 OS. 11; Whitaker v. Luebbering, 101 OS. 292;

Decker v. Mitchell, 10 O. App. Rep. 433, syl. 3.

The doctrine which we apply in our analysis of the record and the law of the case is well laid down in Ivy v. Marx, (Ala.) 87 South 813, 14 A.L.R. 1173.

In the case of Hine v. Eckler, 19 O. App. Rep. 510, we cite for examination, because of the strong similarity of the facts in the two cases.

There is another assignment of error which is strenuously argued by able counsel for de-

fendant, and that is that there is **evidence in** the record indisputably showing that the agent of defendant at the time of the accident, was not in the scope of his employment, which was that of a salesman for the defendant company, but an examination of the record shows that he was in charge of the automobile which caused the accident and that it was necessary for him to have the use of it for the purpose of carrying on his business, which apparently, from the record, was not limited as to time and place. His duties made him a free lance "to go wherever there was a prospect" in his efforts to sell the commodity of the master. That he incidentally might stop to buy a cigar or to get some matches or to do an errand for his mother, does not affect the law of the case where the record shows that the demands of his business gave him freedom to go where he pleased, wherever there were human beings that might become customers for his principal, and whether these customers were in a barber shop or a cigar store where he might have purchased matches for his mother, would make no difference, so long as these acts did not detract from the main purpose and were in consonance with his **general duties. To** sever him from the master's employment, it would be necessary that the act performed be of such a divergence from his regular duties that its very character severed the relationship of master and servant. Things performed in an incidental way, either for himself or others, while he had the right to operate the defendant's machine, for the purpose of performing his duty, does not relieve the master from liability for those negligent acts which were the proximate cause of the injury.

Holding these views, the judgment of the lower court is hereby affirmed.

(Vickery, J., concurs. Levine, J., not participating.)