## HOWARD W. LUFF CO. v. CAPECE.

### No. 6006.

Circuit Court of Appeals, Sixth Circuit.

Nov. 9, 1932.

HICKS, Circuit Judge, dissenting.

W. P. Barnum, of Youngstown, Ohio (Barnum, Hammond, Stephens & Hoyt, of Youngstown, Ohio, on the brief), for appellant.

John Ruffalo, of Youngstown, Ohio, for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

Appellee was the plaintiff below, and recovered judgment for injuries resulting in death of her intestate, struck by an automobile driven by Sherman, appellant's salesman. On the trial Sherman's negligence, and its causal relation to the injuries and result-

ing death, were conceded. The only question raised by motion for directed verdict was the responsibility, if any, of the defendant below for Sherman's acts. It may be stated thus: Did the relation of master and servant exist between the defendant and the driver of the automobile, and, if so, were the negligent acts of the servant committed in the course of his employment?

█ The general rules applicable to the controversy are well settled. The difficulty lies only in their application to the specific facts. "The relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, 'not only what shall be done, but how it shall be done.'" Singer Manufacturing Company v. Rahn, 132 U. S. 518, 10 S. Ct. 175, 176, 33 L. Ed. 440, quoting New Orleans M. & C. Railroad Company v. Hanning, 15 Wall. 649, 21 L. Ed. 220. In the Eighth Circuit the rule was somewhat more fully stated: "The test of one's liability for the act or omission of his alleged servant is his right and power to direct and control his imputed agent in the performance of the causal act or omission at the very instant of the act or neglect. There can be no recovery of a person for the act or omission of his alleged servant under the maxim, 'respondeat superior,' in the absence of the right and power in the former to command or direct the latter in the performance of the act or omission charged, because in such a case there is no superior to respond." Standard Oil Company v. Parkinson (C. C. A.) 152 F. 681, 682. That which differentiates a servant from an independent contractor is the control or right of control of his actions lodged in the master. Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384, citing other Supreme Court cases. On the other hand, one whom the employer does not control, and has no right to control, as to the method or means by which he produces the results contracted for, is an independent contractor. Gall v. Detroit Journal Company, 191 Mich. 405, 158 N. W. 36, 19 A. L. R. 1164. The latter case is the subject of a copious note in 19 A. L. R. 1164, wherein numerous state decisions are collected. Cf. 29 A. L. R. 470.

In making application of general principles to specific facts, many and varied circumstances are relied upon in reported cases, such as the power of discharge, the payment of wages as distinguished from other forms of compensation, the continuity of the employment, the engagement by the alleged employee in a distinct business or occupation, the professional skill required in doing the employer's work, and so on. Such circumstances, however, are not ultimate facts, but are only more or less useful in determining whose is the work and whose is the power of control. Standard Oil Company v. Anderson, 212 U. S. 215, 29 S. Ct. 252, 53 L. Ed. 480. This court concluded that whether a relationship is one of master and servant, or of employer and independent contractor, must be determined in each case from the pertinent facts and circumstances. Pittsburgh Valve Foundry & Construction Co. v. Gallagher (C. C. A.) 32 F.(2d) 436. A careful study of the cited, and of numerous other, cases, discloses no specific circumstances to be universally applicable criteria for determining the character of the relationship.

█ Upon the arrangement that was entered into with the appellant, Sherman, the salesman, was the only witness to testify. He was engaged by the Luff Company about a week prior to the accident to sell automobiles upon a commission basis. His territory was all of Mahoning county, and he could look for prospects anywhere within the county. He was obliged to buy a demonstrating car, for which he gave his note, and upon which he was expected to pay out of commissions earned whatever he could. If and when he sold the demonstrator he was expected to buy a new one. He was also authorized to sell any other cars that the Luff Company might have. Title to the demonstrating car was not assigned to him by a bill of sale, and the car bore the dealer's license. The cost of maintaining the car was to be borne by Sherman. No arrangement was made as to hours of work, except that Sherman was to report in the morning to receive lists of prospects and was to attend salesmen's "pep" meetings. He was at liberty to devote one hour or as many hours as he wished to his private business. There was no minimum limitation as to the number of cars he was obliged to sell—he was to get as much business as he could. He could go home whenever he pleased, or use his own judgment about it. We think this evidence discloses no such control by the employer of the means used or the methods followed in performance to sustain a finding that the relation of master and servant existed between Sherman and the Luff Company. Indeed, if more were needed to indicate the absence of such relationship it will be found

in a consideration of the sequence of Sherman's acts upon the day of the accident. On the morning of that day he took his two daughters to the South High School, and then went to the salesmen's meeting at the Luff Company; thereafter he stopped at the Mahoning Bank and made a number of telephone calls; then purchased some groceries and took them out to his house, remaining there for approximately an hour for the purpose of taking a bath and cleaning up. He then started downtown to get a raincoat and hat, after which he expected to call on prospects. The accident occurred while he was on his way downtown. It is not claimed that any of these acts were in violation of the terms of his employment. We think they indicate a freedom of action inconsistent with the relation of master and servant. It is unnecessary, therefore, to consider whether if such relationship did exist, Sherman's negligent acts were committed in the course of his employment.

Much reliance is placed by counsel upon the holding of the appellate court of Cuyahoga county in Standard Motor Sales Company v. Miller, 30 Ohio App. 7, 164 N. E. 55, a decision also relied upon by the District Judge in his memorandum opinion, overruling appellant's motion for directed verdict. We have given respectful consideration to that case, and find it sufficient to say that the facts are not identical, and that the question of relationship of master and servant is one of general and not of local law. Texas Company v. Brice, 26 F.(2d) 164 (C. C. A. 6); Masden v. Travelers' Insurance Company, 52 F.(2d) 75, 79 A. L. R. 469 (C. C. A. 8).

We think the District Court erred in denying motion of the appellant for peremptory instructions.

The judgment is reversed, and the cause remanded for further proceedings consistent herewith.

HICKS, Circuit Judge (dissenting).

I cannot agree with my associates. As stated in the opinion, Sherman was required to buy the demonstrator. I think it appears, if not directly, at least by clear inference, that he was also required, or at least authorized, to use it, and that to this extent appellant so far controlled the method of his work as to take him out of the category of independent contractor.