**BOSTON MUTUAL LIFE INSURANCE COMPANY, Plaintiff, Appellant,**

v.

**INSURANCE AGENTS' INTERNATIONAL UNION (AFL–CIO), Defendant, Appellee.**

**No. 5494.**

United States Court of Appeals
First Circuit.

Heard June 2, 1959.

Decided July 22, 1959.

Richard J. Walsh, Boston, Mass., with whom Francis E. Silva, Jr., and Warner, Stackpole, Stetson & Bradlee, Boston, Mass., were on brief, for appellant.

Isaac N. Groner, Washington, D. C., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

**PER CURIAM.**

When this case was here before, we thought the judgment of the district court was in error in leaving to the decision of an arbitrator the question, and the sole question, whether the Union had proceeded with "sufficient diligence" in presenting a certain grievance to the board of arbitration. 1958, 258 F.2d 516, 522. Accordingly, we vacated the district court's judgment and remanded the case to that court for further proceedings not inconsistent with our opinion. We said that upon remand the court itself would have to determine the issue of reasonable diligence, "with the Union free to offer evidence in extenuation of its long delay."

Upon the remand, the case was submitted to the district court on an agreed stipulation of facts, so that there is no dispute as to them, except as to the ultimate finding by the district court that, under the circumstances shown, the Union had acted with due diligence in demanding arbitration of the Jacobson grievance. On the basis of this finding, the district court duly entered its judgment on March 16, 1959, dismissing the Employer's complaint praying a declaratory judgment, and directing, in accordance with the Union's counterclaim, that both parties proceed expeditiously before the arbitration board on the grievance in question. 171 F.Supp. 125.

The district court accepted the Union's explanation that its delay in making a formal demand of the arbitration of the Jacobson grievance was due to its desire to await the decision by the arbitrator in a cognate case involving an employee named Mabel. It was impressed by the absence in the collective bargaining agreement of any specific time limitation and by the fact that the "reasonable time" read by the court into the agreement permitted considerable elasticity in the determination of whether the Union had unduly delayed. It was impressed also by the fact that, if the Employer had supposed that it might in any way be prejudiced by such delay, it could at any moment itself have invoked the arbitration procedure. Further, the court said: "For in a case where the parties did not stipulate a date for notifying the AAA [the board of arbitration], and where the parties have suffered no prejudice from delay, it would be trivial to pay great attention to the fact that the union made its request to the AAA 11½ months after the employer discharged Jacobson, 10½ months after the union had exhausted normal grievance procedure, 10½ months after the union or the employer each had the right to invoke the AAA, and 3½ months after the expiration of the collective bargain between the employer and the union. Of course, such lapses of time might be highly significant in other cases. But here the delay hurt no one, and could have been brought to an abrupt end by the employer at any moment if, seeking a prompt disposition, it had invoked the AAA's assistance." 171 F.Supp. at page 127.

We think we have to say that the district court's finding under the circum-

**558**

stances is not "clearly erroneous"; and that, accepting such finding, we must affirm the judgment of the district court.

A judgment will be entered affirming the judgment of the district court.