**LOCAL 201, INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO, Plaintiff, Appellant,**

v.

**GENERAL ELECTRIC COMPANY, Defendant, Appellee.**

**No. 5697.**

United States Court of Appeals First Circuit.

Oct. 25, 1960.

James McConnell Harkless, Boston, Mass., with whom Grant, Angoff, Goldman & Manning, Boston, Mass., was on brief, for appellant.

A. Lane McGovern, Boston, Mass., with whom Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

This is an appeal from a judgment dismissing an action brought by a local union under § 301 of the Labor Management Relations Act, 1947 (29 U.S.C.A. § 185), to compel an employer to arbitrate a grievance alleged to have resulted from the employer's violation of a so-called "local understanding."

The collective bargaining agreement negotiated by the parent International Union for its Local 201, and indeed for its other locals, specified in its Article XXI that present local understandings would remain in effect, that new ones would be "recognized and made effective" only if in writing and signed by local management and the Local and approved by the Company and the Local, and in the Article's paragraph 3 it is provided:

"3. The existence of, or any alleged violation of, a local understanding shall not be the basis of any arbitration proceeding, unless such understanding is in writing and signed by the Company and Local."

The local understanding alleged by the plaintiff below to have been violated by the defendant Company was in writing and although it had been signed on behalf of the Company it has never been signed on behalf of the Local.

The appellant as plaintiff in the court below contended that the words "signed by the Company and Local" in Article XXI(3) of the collective bargaining agreement quoted above should be given the same meaning as the words "signed by the party to be charged" in the typical Statute of Frauds, so that all that is necessary under the Article to obligate a party to arbitrate a dispute arising under a local understanding is its signature to the understanding, in this case, the signature of the Company. It has now abandoned this contention. The appellant now rests its argument on the general statements in United Steelworkers of America v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409, and United Steelworkers of America v. American Manufacturing Co., 1960, 363 U.S. 564, 80 S. Ct. 1343, 4 L.Ed.2d 1403, extolling arbitration as a method of settling labor disputes and the admonitions in those cases to interpret arbitration agreements with liberality and sympathy for the end sought to be achieved. The argument is well enough in its proper place. It has no application here, however, for it does not take into account the statement at page 582 of 363 U.S., at page 1353 of 80 S.Ct., in the Warrior & Gulf case that

" * * * arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit" and it ignores two stubborn facts. The first of these is that the parties definitely agreed to arbitrate disputes arising out of alleged breaches of local understandings only if the local understanding were not only in writing but also signed by both the Company and the Local. And the second is that the Local Union by its own admission at no time ever signed the local understanding involved.

Judgment will be entered affirming the judgment of the District Court.