297 F.2d 149
 TAFT BROADCASTING COMPANY, A Delaware Corporation (Substitute Party for WTVN, Inc.), Plaintiff-Appellee,
v.
COLUMBUS-DAYTON LOCAL OF the AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, Defendant-Appellant.
 No. 14542.
 United States Court of Appeals Sixth Circuit.
 December 15, 1961.
 
 Eugene L. Matan, Columbus, Ohio, (Gareff, Matan & Janes, Columbus, Ohio, on the brief), for defendant-appellant.
 Roger F. Day, Columbus, Ohio (Dargusch, Saxbe & Dargusch, Carlton S. Dargusch, Jr., Columbus, Ohio, on the brief), for plaintiff-appellee.
 Before CECIL and WEICK, Circuit Judges, and DARR, District Judge.
 WEICK, Circuit Judge.
 
 
 1
 The action in the District Court was one for declaratory judgment in which an adjudication was sought that a dispute between television station WTVN and the union over the discharge of an alleged employee was not arbitrable under the provisions of a collective bargaining agreement between the parties.
 
 
 2
 The parties stipulated the facts. The District Judge adopted findings of fact and conclusions of law. He held that the union member was not an employee of television station WTVN[1], and, therefore, the dispute was not arbitrable under the collective bargaining agreement.
 
 
 3
 William Jorgensen, the alleged employee of WTVN, had been employed as a radio newscaster since November 28, 1955 by Radio Columbus, Inc., an Ohio corporation, which owned and operated a radio station in Columbus, Ohio. The terms and conditions of the employment were later evidenced by a written agreement dated April 17, 1956 which was amended on May 24, 1957 and March 4, 1958. Under the agreement, the employment was on a full-time basis and Jorgensen could not, without the station's approval, render service to any other employer in the radio or television business. Under the agreement the employment could be terminated by either party at will.
 
 
 4
 Sam Johnston, Manager of Radio Columbus, asked Jorgensen if he would be interested in doing an 11:00 o'clock p. m. news telecast at television station WTV N. Thereafter Jorgensen was contacted by Wally McGough, Manager of WTVN and was offered $50.00 a week for preparing and giving a fifteen minute 11:00 o'clock p. m. newscast over channel 6 WTVN Monday through Friday. He began the newscasts on June 2, 1958. He continued to perform the radio newscasts for Radio Columbus. The payment for services rendered to WTVN was in addition to the compensation he received for services rendered to the radio station. The compensation for the television newscast was later increased to $75.00 a week. Jorgensen's compensation for radio and television service was paid to him weekly by check of Radio-Columbus after it withheld appropriate tax and social security deductions. An amount equal to Jorgensen's television earnings was transferred weekly from WTVN to Radio Columbus by means of a bookkeeping entry on the books of the respective corporations entered in their common accounting department. Jorgensen was required both by WTVN and the union to join the union in order to perform the newscasts at WTVN. The union had a collective bargaining agreement with WTVN, but not with Radio Columbus.
 
 
 5
 On September 28, 1958, Jorgensen was discharged from both radio and television stations. He received and accepted a check from Radio Columbus representing accrued gross compensation for radio and television services including certain amounts of severance pay, vacation pay, talent fees and salary for radio and severance pay, vacation pay and talent fees for television services.
 
 
 6
 The union claimed that the discharge of Jorgensen from WTVN violated its collective bargaining agreement with that station and demanded arbitration of the dispute. It did not claim, however, that the discharge was motivated by union activity or union affiliation. It was conceded by counsel in this Court that the demand for arbitration was timely made. This case does not involve Jorgensen's discharge as a radio newscaster of Radio Columbus as that company had no collective bargaining agreement with the union.
 
 
 7
 In the District Court, WTVN contended successfully that Jorgensen was not its employee, but on the other hand was the employee of Radio Columbus and hence the collective bargaining agreement had no application.
 
 
 8
 The union first contends that the arbitrator and not the court should decide whether Jorgensen was an employee of WTVN.
 
 
 9
 The stipulation filed in the District Court provides:
 
 
 10
 "14. Plaintiff and defendants agree that the sole issues before this Court are whether William Jorgensen was an employee of WTVN, Inc. and whether the matter of the termination of his services at WTVN, Inc., is an arbitrable issue under the terms of the collective bargaining agreement between WTVN, Inc. and the defendant union."
 
 
 11
 In view of this stipulation it would seem that the Court and not the arbitrator is to determine whether Jorgensen was an employee of WTVN. The stipulation precludes the union from claiming otherwise. If Jorgensen was not an employee of WTVN, then the collective bargaining agreement could not help him as it applies only to its employees.
 
 
 12
 Whether Jorgensen was an employee of WTVN must be determined by the stipulation as no other evidence was offered. It further provides:
 
 
 13
 "9. During the period that William C. Jorgensen performed television news casts at WTVN, Inc. he was under the general control and direction of WTVN, Inc. respecting such news casts. He was given instructions by management of WTVN, Inc. on occasion and he carried out these instructions; he was given items and instructed to incorporate them into his telecasts; which he did; and he attended various functions as the representative of WTVN, Inc., such as ground-breakings and press conferences. William C. Jorgensen did not receive any instructions concerning his television news casts from Radio Columbus, Inc. personnel or from Sam Johnston, Manager of Radio Columbus, Inc."
 
 
 14
 We think that under the stipulation Jorgensen must be held to be a part-time employee of WTVN. At the time he performed newscasts he was under its general control and direction. It would be liable for torts committed by him in the course of that employment. Even though he had been merely a "loaned" servant, he would still be regarded as an employee of WTVN when performing services for it. N. L. R. B. v. Nu-Car Carriers, Inc., 189 F.2d 756 (CA 3); Howard W. Luff Co. v. Capece, 61 F.2d 635 (CA 6); Stevenson v. Lake Terminal R. Co., 42 F.2d 357 (CA 6); Halkias v. Wilkoff Co., 141 Ohio St. 139, 47 N.E. 2d 199.
 
 
 15
 The finding of the District Court that Jorgensen was not an employee of WTVN was, in our judgment, a conclusion of law as to which we are free to draw our own legal conclusions and inferences. United States v. Mississippi Valley Generating Co., 364 U. S. 520, 526, 81 S.Ct. 294, 5 L.Ed.2d 268. Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., as construed by the Supreme Court in Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218, makes only findings of fact and inferences drawn therefrom binding on us unless clearly erroneous. If this finding, however, is considered to be a finding of fact, then, in our opinion, it is clearly erroneous.
 
 
 16
 This leaves only the question whether the dispute over Jorgensen's discharge is arbitrable. The collective bargaining agreement provides:
 
 
 17
 "In the event there would be any controversy or dispute arising with respect to this contract or the interpretation or breach thereof between the Columbus-Dayton Local of AFTRA or AFTRA and the Company, or between a member of the Columbus-Dayton Local of AFTRA and the Company, AFTRA and the Columbus-Dayton Local of AFTRA and the Company agree, promptly and in good faith, to attempt to settle such dispute amicable and equitable. In the event they are unable to do so, any such controversy or dispute shall be settled by arbitration, in accordance with the arbitration rules then obtaining of the American Arbitration Association, each party bearing half the expense, and the judgment upon the award may be entered in the highest court of the forum, state or federal, having jurisdiction.
 
 
 18
 "No grievance shall be subject to arbitration unless the party aggrieved brings the matter to the attention of the other party within 30 days of the occurrence of said grievance.
 
 
 19
 "A demand for arbitration shall be made in writing and shall specify the name of an arbitrator. Within three days after such demand the other party shall designate an arbitrator (or in default thereof such arbitrator shall be forthwith designated by the American Arbitration Association), and the said arbitrators shall select a third arbitrator who shall be Chairman, from a panel submitted by the American Arbitration Association, and in default of such selection the third arbitrator shall be designated by the American Arbitration Association.
 
 
 20
 "The jurisdiction of any Board of Arbitration constituted hereunder shall be limited to the interpretation or application of the terms of this agreement. The decision of a majority of such arbitrators shall be final and binding upon the Company and the Union."
 
 
 21
 WTVN contends that Jorgensen was merely a part-time newscaster and that the duration of his employment was at will; that under his written contract with Radio Columbus the employment could be terminated by either party at will; that the collective bargaining agreement contains no provision restricting either the hiring or discharging of a part-time newscaster; that it had the legal right to discharge Jorgensen without cause; that the union has never disclosed what provision of the collective bargaining agreement it claimed was violated by WTVN; that the dispute is plainly not arbitrable.
 
 
 22
 The union contends that Jorgensen was employed on the same weekly basis as staff announcers who may not be discharged except for cause.
 
 
 23
 In order to determine whether Jorgensen may be discharged without cause, it would be necessary for us to interpret the collective bargaining agreement. We are precluded from doing so by the recent decisions of the Supreme Court which indicate that this is the function of the arbitrator. These decisions drastically curtail the powers of the Court in matters of this kind. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1363, 4 L.Ed. 2d 1432; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U. S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.
 
 
 24
 The collective bargaining agreement contains a "no strike clause." The arbitration clause broadly covers "any controversy or dispute arising with respect to this contract or the interpretation or breach thereof. * * *" There appears to be no exclusions.
 
 
 25
 In Warrior & Gulf Navigation Co., supra, the Supreme Court said: "When, however, an absolute no-strike clause is included in the agreement, then in a very real sense everything that management does is subject to the agreement, for either management is prohibited or limited in the action it takes, or if not, it is protected from interference by strikes." Id. 363 U.S. 583, 80 S.Ct. 1347, 1353. These cases compel the conclusion that the dispute in the present case was arbitrable.
 
 
 26
 The fact that the dispute is arbitrable does not mean that the arbitrator may go beyond the limits of the collective bargaining agreement or ignore any collateral agreement. Warrior & Gulf Navigation Co., supra p. 583, 80 S. Ct. 1347; Local 201, etc. v. General Electric Co., 283 F.2d 147 (CA 1). He may not "dispense his own brand of individual justice." Enterprise Corp., supra, 363 U.S. p. 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424. Textile Workers Union of America v. American Thread Co., 291 F.2d 894 (CA 4).
 
 
 27
 The judgment of the District Court is reversed.
 
 
 
 Notes:
 
 
 [1]
 This station was owned by WTVN, Inc., an Ohio corporation which owned 98% of the stock of Radio Columbus, Inc. Both of these corporations were merged after the incident complained of into Taft Broadcasting Company, the plaintiff below. The television station will be referred to herein as WTVN and the radio station as Radio Columbus