**NEWSPAPER GUILD OF BOSTON,**
Plaintiff, Appellant,

v.

**BOSTON HERALD–TRAVELER COR-
PORATION,** Defendant, Appellee.

No. 4983.

United States Court of Appeals
First Circuit.

Heard Oct. 7, 1955.

Decided April 25, 1956.

Sidney S. Grant, Boston, Mass., with whom Grant & Angoff, Boston, Mass., was on the brief, for appellant.

Frank W. Crocker, Boston, Mass., with whom James Vorenberg and Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., were on the brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

This case involves the same legal questions as Local 205, United Electrical

Workers v. General Electric Co., 1 Cir., 233 F.2d 85. Plaintiff herein is an unincorporated labor organization representing employees of defendant publisher in an industry affecting commerce. In April, 1954, plaintiff and defendant executed a collective bargaining agreement. It did not contain conventional grievance or arbitration provisions, but in "Article V—Security" the parties agreed to meet upon the request of either one to discuss matters arising from application of the agreement or affecting the relations of employer and employees. More specifically, paragraph 3 of that Article called for a meeting at the request of the Union to discuss any discharge. Paragraph 4 then provided:

> "In the event that the Publisher and the Guild are unable to agree upon the discharge, the matter shall upon the request of either party be submitted to arbitration for the purpose of deciding (1) whether or not the Publisher had just cause for the discharge, * * * ."

The arbitrator was authorized, if he found the discharge was without just cause, to order reinstatement with compensation for lost time. A few procedural matters followed.

In June, 1954, a rewrite man named Broudy, who had been working on the regular day shift for many years, was transferred by defendant to the so-called "lobster" shift, which begins at 1:00 A. M. The Union protested this transfer, which it characterized as a "constructive discharge," on several grounds, but no agreement was reached with defendant. The Union then invoked the arbitration provision quoted above, but the publisher refused to arbitrate, asserting that Broudy's employment had not been terminated and hence that there was no arbitrable issue under that para-

graph. This suit by the Union under § 301 of the Taft-Hartley Act, 61 Stat., 156, 29 U.S.C.A. § 185, followed, with the plaintiff asking only for an order to compel arbitration. The complaint was dismissed by Chief Judge Sweeney for lack of jurisdiction on April 7, 1955, relying on the then recent opinion by Judge Aldrich in Local 205, United Electrical etc., Workers v. General Electric Co., D.C.D.Mass.1955, 129 F.Supp. 665.

This disposition must be reversed, in the light of our decision today in Local 205, United Elec., etc. v. General Electric Co., 1 Cir., 233 F.2d 85. This case will also be remanded to the district court for further proceedings under the United States Arbitration Act, 9 U.S.C. § 1 et seq. Here, too, the contract's arbitration provision is one within the scope of § 2 of that Act, and the parties should be permitted to amend their pleadings further to allege, respectively, compliance with the requisites of the Act and defenses afforded by it.

In this case the arbitration clause is a narrow one, but nevertheless there is a question, which is for the district court in the first instance to determine, as to whether the dispute over Broudy's transfer comes within the scope of the clause. In the General Electric opinion we have suggested general principles, by way of guidance only. It is a matter of interpretation of the particular contract involved. Cf. Bakery & Confectionery Workers' Intern. Union, etc., v. National Biscuit Co., 3 Cir., 1949, 177 F.2d 684; Local 379 of Intern. Union, etc. v. Jacobs Mfg. Co., D.C.D.Conn.1953, 120 F.Supp. 228; and cases cited in part V of our opinion in the General Electric case.

The judgment of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion.