**UNDERWOOD CORPORATION,**
Plaintiff,

v.

**LOCAL 267, INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO,** Defendant.

Civ. No. 6634.

United States District Court
D. Connecticut.

May 21, 1957.

Cohen & Schine, Bridgeport, Conn., for plaintiff.

Grant & Angoff, Boston, Mass., for defendant.

ANDERSON, District Judge.

The plaintiff, the Underwood Corporation, brought an action in the Superior Court of the State of Connecticut seeking to stay the enforcement of and to vacate an arbitrator's award. The action was brought pursuant to the provisions of Section 8151 et seq., General Statutes of the State of Connecticut, Revision of 1949. The defendant, Local 267, removed the case to this court; and there is now before this court the application of the plaintiff to remand the case to the state court for lack of federal jurisdiction. There had been entered into between the plaintiff and defendant a contract which provided procedures for presenting grievances and for arbitration. The pertinent clauses read as follows:

"All other grievances by the Union, not settled at Step 3, arising under this agreement concerning the interpretation or application thereof, shall be submitted to arbitration. * * * A decision by the arbitrator shall be final and binding upon all parties.

\*     \*     \*     \*     \*     \*

"The arbitrator shall be limited to ruling on the interpretation or the application of the terms of this agreement and shall have no power to add to, subtract from, or modify any of the terms of this agreement."

The plaintiff's action sets out the collective bargaining agreement, the defendant's demand for arbitration concerning grievances which arose under the provisions of the agreement, the arbitration of the issues and the arbitrator's award. It then alleges that the arbitrator "exceeded his powers, imperfectly executed his powers and otherwise failed to act in accordance with law".

The question is whether or not it is a suit for violation of a contract between an employer and a labor organization under Title 29 U.S.C.A. § 185(a). The defendant asserts that it is; but the plaintiff claims it is an appeal from arbitration and in effect, an effort to show that there was nothing in the agreement authorizing the arbitration and the award. While at first glance there may appear to be some plausibility in the plaintiff's contention, further consideration leads to the conclusion that all of the questions here involved stem from the contract. Whether certain grievances arose under the provisions of the contract, what is meant by the arbitration under the contract and whether or not the arbitrator exceeded his powers are all issues arising out of the contract and whether or not the provisions of the contract were violated or complied with.

Only an impossibly narrow construction of Section 185(a) would hold this action something other than a suit for violation of a contract between employer and a labor organization. The tenor and reasoning of the following First Circuit cases support a broader application of this section: Local 205, etc. v. General Electric Company, 1 Cir., 233 F.2d 85; Newspaper Guild v. Boston Herald-Traveler Corp., 1 Cir., 233 F.2d 102; Goodall-Sanford, Inc. v. United Textile Workers, 1 Cir., 233 F.2d 104.

The plaintiff places great reliance on Mengel Co. v. Nashville Paper Products and Specialty Workers Union, 6 Cir., 1955, 221 F.2d 644. However, the dissenting opinion by Judge Stewart appears to contain the better reasoning.

The motion for remand is denied.