In the Matter of the Arbitration Between INTERNATIONAL NEWS SERVICE, King Features Syndicate Division, the Hearst Corporation, Petitioner,

v.

S. L. GERECZY, Secretary-Treasurer of the Commercial Telegraphers' Union, International News Service Division 61, Respondent.

United States District Court
S. D. New York.
March 12, 1958.

McCauley, Henry & Brennan, New York City, for petitioner (Joseph P. Doyle, New York City, of counsel).

Mayer, Weiner & Mayer, New York City, for respondent (Abraham Weiner, New York City, of counsel).

THOMAS F. MURPHY, District Judge.

These are cross-motions; one to remand to the State court and the other to confirm an arbitration award.

Pursuant to an arbitration clause in a collective bargaining agreement entered into between employer petitioner (the company) and respondent (the union) an arbitration award was rendered on August 19, 1957, sustaining a claim made by the union in behalf of one of its members. Such proceeding was begun and award made without any court's intervention or supervision. Shortly thereafter the company moved in Supreme Court, New York County, for "an order vacating [the] arbitration award * * on the ground that the said award is invalid, illegal and contrary to Article 84 of the [New York] Civil Practice Act."

In its supporting affidavits the company contended, and it is not denied, that the arbitrated dispute concerned an employee who at the time of the hearing and since November, 1951, was a patient at Creedmoor State Hospital, Queens County, an institution for the mentally ill, and that so far as was known no committee had been appointed for him. In view of these facts the company had submitted to the Board of Arbitration, and contended in its motion in the Supreme Court, that the board did not have jurisdiction to hear the controversy because of Article 84, § 1448 of the Civil Practice Act, which provides in pertinent part that: " * * * A controversy cannot be arbitrated, either as prescribed in this article or otherwise, in either of the following cases: 1. Where one of the parties to the controversy is an infant, or a person incompetent to manage his affairs by reason of lunacy, idiocy or habitual drunkenness unless the appropriate court having jurisdiction approve a petition for permission to submit such controversy to arbitration made by the general guardian or guardian ad litem of the infant or by the committee of the incompetent * * *."

The board reserved decision on this issue, heard the company and the union on the merits, and ultimately decided against the company on both matters. Then followed the company's motion to vacate.

Before the State court could hear such motion the union removed the "proceeding", i. e., the company's motion, to this court claiming that it was "within this Court's original jurisdiction in that it is founded upon a claim or right arising under the laws of the United States (28

U.S.C. §§ 1441(a) and (b)).'' The reasoning advanced to support the petition for removal was that the arbitration award "which petitioner seeks to set aside was rendered in conformity with the terms of a collective bargaining agreement'' entered into by an employer and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor Management Relations Act, 1947, (61 Stat. 156, 29 U.S.C.A. § 185 (a)), and that under this section Congress has created "federal substantive law which exclusively controls the enforcement of collective bargaining agreements to which it is applicable.'' Ergo, says the union, "this proceeding is * * * within this Court's original jurisdiction in that it is founded upon a claim or right arising under the laws of the United States, and it is, accordingly removable to this Court.''

Following removal, the union moved to confirm the arbitration award, and the company cross-moved in the alternative, seeking an order remanding the proceeding to the State court or vacating the award.

Although not pointedly raised by either party the following reasons require that "the proceeding'' be remanded to the State court. For whatever the merit of the union's argument concerning the applicability of a federal law to § 301(a) cases (cf. Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 and companion cases) it is clear that what the union purported to remove to this court is the "proceeding'' (or motion) brought by the company, and *that* "proceeding'' in no manner asserts a claim arising under the laws of the United States such as would give rise to original jurisdiction within § 1441(a), (b). See Tennessee v. Union & Painters' Bank, 1894, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Walker v. Collins, 1897, 167 U.S. 57, 17 S.Ct. 738, 42 L.Ed. 76. The company's motion in the State court attacking the validity of the award is not an action for violation of a contract between an employer and a labor organization representing an employee, and as such the district court would not have jurisdiction. Mengel Co. v. Nashville Paper Prod. & Spec. Wkrs. Union, 6 Cir., 1955, 221 F.2d 644.

The union's assertion that the removed "proceeding'' is a suit within § 301(a) is in essence a defense to the maintenance of the action on the ground that federal law preempts State law in this area; it cannot operate to change the company's claim so as to make it one arising under the laws of the United States. See The Fair v. Kohler Die & Specialty Co., 1913, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716; Hat Corp. of America v. United Hatters, D.C.D.Conn.1953, 114 F.Supp. 890.

The subsidiary question, also not raised, whether a motion to vacate an award is a civil action within the meaning of the removal statute need not be considered. But cf. Davenport v. Procter & Gamble Manufacturing Co., 2 Cir., 1957, 241 F.2d 511.

Cross-motion to remand is granted; motion to confirm is moot.

Settle order.