**INGRAHAM COMPANY**

v.

**LOCAL 260, INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO.**

Civ. No. 7629.

United States District Court
D. Connecticut.
March 10, 1959.

Beach, Calder & Barnes, Bristol, Conn., for plaintiff.

Albert L. Goldman, Boston, Mass., for defendant.

ANDERSON, District Judge.

On June 17, 1957 the plaintiff, The Ingraham Company of Bristol, Connecticut, entered into a collective bargaining agreement with Local 260, International Union of Electrical, Radio and Machine Workers, AFL–CIO, representing plaintiff's employees. Article XIII provided for grievance procedure and arbitration. In 1958, during the life of the agreement, a dispute arose about the work which might be performed by a supervisor. As a final step in the grievance procedure arbitrators were appointed and on November 4, 1958 the following questions were submitted to them for determination:

"Under the parties' Collective Bargaining Agreement may a supervisor perform bargaining unit work? If so, under what circumstances? If not, what should be the remedy?"

On or about December 10, 1958 the arbitrators made an award, which was in

favor of the Union. The Company objected to the award on the ground that the arbitrators had exceeded their jurisdiction and had included in the scope of their decision matters not actually submitted to them for decision. It applied to the Superior Court for Hartford County, State of Connecticut, for an order correcting or modifying the award. The Company has expressed its willingness to comply with that portion of the award concerning the reinstatement of the grievant and restoration of his rights and pay but has refused to comply with the remainder of the award which states that under the parties' collective bargaining agreement, supervisory personnel may not perform bargaining unit work except in emergencies and except in the printing shop, garage and tumbling department. The Union removed the case to this court on the premise that in this case the Union is the representative of employees in an industry affecting interstate commerce, and that the subject matter of the suit is a violation of the collective bargaining agreement by the Company. The Union asserts that, therefore, a federal question is presented in the complaint under § 2(7) and § 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 152(7) and § 185 (a). The case is now before this court on the Company's motion to remand. The matter at issue is whether the case involves a federal question which gives the defendant the right to have the case heard and determined in the federal court.

If there were no federal question or if the federal question appeared only incidentally in the case, or was raised for the first time by the removal petition, the case would have to be sent back to the state court. Gully v. First National Bank, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. But none of these circumstances is established in this case.

 The petition for removal alleges that the contract and the parties are concerned with an industry affecting interstate commerce and this appears not to be disputed. This allegation may first be set out in the petition and need not have been alleged in the prior pleadings. Fay v. American Cystoscope Makers, Inc., D.C.S.D.N.Y.1951, 98 F.Supp. 278. The Company takes the position that the issues of the case in no way involve a violation of the collective bargaining agreement, that it has simply made an application to modify the arbitrators' award under certain provisions of the Connecticut Arbitration Act, Connecticut General Statutes, §§ 52–419 and 52–420 (Rev.ed.1958) and that there is no federal question involved in this case at all. The pertinent provisions of the Connecticut Arbitration Act and the federal arbitration act, 9 U.S.C. § 11, are practically identical. Although, because of the similarity in the state and federal arbitration statutes, the application may be interpreted to state a claim for relief under either, only federal law applies to this particular controversy because under § 301(a) of the Labor Management Relations Act, Congress has pre-empted the field of suits for violation of contracts between these kinds of parties to collective bargaining agreements affecting interstate commerce. In reaching this conclusion the court must reject the company's claim that the issues here do not involve a claimed violation of the collective bargaining agreement. Not only does the wording of the questions submitted to the arbitrators make this plain, but in its application to correct the arbitrators' award the plaintiff has alleged that the complained of parts of the award "prejudice the applicant's rights under the collective bargaining agreement". Plainly the issues raised by the application call for an interpretation and application of particular provisions of the collective bargaining agreement. The arbitrators' award made the interpretation and application. The Union claims that under the provisions of the collective bargaining agreement the Company is required to comply with all of the award; the Company, on the other hand, asserts that it is required to comply with only a

part of it and refuses to comply with the rest. Whether the Company's position constitutes a breach of the collective bargaining agreement or not is an important issue in the case. Therefore the conclusion that this action is a suit for the violation of a contract between an employer and a labor organization representing employees in an industry affecting interstate commerce is inescapable.

Even more compelling as a basis for removability is the construction which has been given to this section by the Supreme Court in the case of Textile Workers Union v. Lincoln Mills, 1957, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed. 2d 972. The Supreme Court in holding that a suit to compel arbitration comes under § 301(a) said that this section authorizes the federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements and that the substantive law to be applied in suits under § 301(a) is federal law which the court must fashion from the policy of our national labor laws. It further held that federal interpretation of the federal law will govern and not state law. There can be little doubt that the U. S. Arbitration Act is a part of the body of the federal labor law to which courts may look in defining federal law under this section, Signal-Stat Corp. v. Local 475, United Electrical, Radio and Machine Workers, 2 Cir., 1956, 235 F.2d 298, 301–302; and a suit to confirm an award already rendered and to enforce compliance with it, is a suit under § 301(a), under the doctrine of the Lincoln Mills case. See the pre-Lincoln Mills decision: United Electrical, Radio and Machine Workers v. Worthington Corp., 1 Cir., 1956, 236 F.2d 364, 371. To hold that such suits for violation of collective bargaining agreements include the enforcement of its arbitration provisions and the enforcement of awards rendered, but that state law should control the modification of arbitrators' awards, would not only be illogical but would inject a great deal of confusion in this area of the law. See Local 205, United Electrical, Radio and Machine Workers v. General Electric Co., 1 Cir., 1956, 233 F.2d 85, 95. The entire arbitration proceeding should be viewed as a whole. Marchant v. Mead-Morrison Mfg. Co., 2 Cir., 1928, 29 F.2d 40. The same issues are before the court in a suit to modify as in a suit to confirm or enforce an award and it should make no difference which party sued when the issues are the same. See dissenting opinion of Stewart, J., Mengel Co. v. Nashville Paper Products and Specialty Workers Union, 6 Cir., 1955, 221 F.2d 644, 648, and the prior decision of this court in Underwood Corporation v. Local 267, International Union of Electrical, Radio and Machine Workers, AFL–CIO, D.C., 171 F.Supp. 102.

If, in dealing with cases of this kind, it were to be held that state and federal jurisdictions overlapped and that applications could be made to either tribunal to apply its own law, an unnecessary jumble would result. Moreover, a controversy might well be determined by the relative fleetness of foot of the party running to the county courthouse for the application of state law as against the alacrity of the other party seeking to invoke federal law in the federal court. In Bernhardt v. Polygraphic Co. of America, 1956, 350 U.S. 198, 203, 207, 208, 76 S.Ct. 273, 100 L.Ed. 199, the Supreme Court in the obverse of the case at bar, to avoid forum shopping, held that for the purposes of federal-state relations in diversity cases, the remedy by arbitration was substantive and not procedural and state law applied. Congress did not mean to preclude state courts from hearing cases like the one now before this court (see Note: 60 Har.L.Rev. 509, 1957); but when they do so, they are required to apply federal rather than state law. Fay v. American Cystoscope Makers, Inc., D.C., 98 F.Supp. 278; McCarroll v. Los Angeles County District Council, 1957, 49 Cal.2d 45, 315 P.2d 322, certiorari denied 1958, 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed.2d 415; Mendelsohn, Enforceability of Arbitration Agreements, 66 Yale L.J. 167 (1956); Note, 72 Har.L.Rev. 354, 366 (1958).

Even though the Company may have had in mind in making its application that it was asserting a state given right, it was in reality relying upon federal law in an area in which Congress has pre-empted the field.

Thus a suit of this kind may remain in the state courts for the application of federal law if both parties are desirous of having it heard there; but either party has the power to effect a removal to the federal court.

It is concluded that the removal in the present case was proper and the motion to remand is therefore denied.