SWIFT & COMPANY, a Corporation,
Plaintiff,

v.

UNITED PACKINGHOUSE WORKERS
OF AMERICA et al., Defendants.

Civ. A. No. 6484.

United States District Court
D. Colorado.

Sept. 3, 1959.

**512**

Kenneth W. Robinson, R. D. Charlton, and Richard L. Schrepferman, Denver, Colo., for plaintiff.

Graham & Scheunemann, Charles A. Graham, Denver, Colo., Eugene Cotton, Richard F. Watt, and Ira A. Kipnis, Chicago, Ill., for defendants.

ARRAJ, District Judge.

The issue to be decided, whether plaintiff's Motion to Remand should be granted, is simple to state but difficult to determine. The disposition to be ·made of the motion again demonstrates the delicate nature of the relationship between the federal and state governments and the exigency for clarifying legislation in this field which profoundly affects our economic and political lives.

Plaintiff instituted an action in the District Court in and for the City and County of Denver, State of Colorado. The Complaint named as defendants the United Packinghouse Workers Union, its Local 88 and certain individuals alleged to be officials of the Union or the Local.

The complaint alleges that the defendant Union and the plaintiff entered into a collective bargaining agreement, and that the defendant Union entered into said agreement on behalf and for the benefit of its Locals, including defendant Local 88. The complaint further alleges that the agreement contains a "no-strike" clause and a provision giving the rights of management to the plaintiff. It also alleges that the defendants breached the agreement, stating specifically that they breached the two provisions stated in the preceding sentence. The plaintiff prays for damages and injunctive relief.

The complaint states that the individual defendants are being sued in their official, representative and individual capacities. It also appears to state separate claims or causes of action against the individual defendants, as well as the Union and the Local, for conspiracy to violate the agreement and for inducing members of Local 88 to violate the agreement. Thus, for the purposes of this Motion only, this Court holds that the complaint states the following claims or causes of action:

(1) Against all defendants for breach of the collective bargaining agreement;

(2) Against all defendants for conspiracy to violate the collective bargaining agreement; and

(3) Against all defendants for inducing others to breach the collective bargaining agreement.

In the Petition for Removal, defendants allege that plaintiff is an employer in industry affecting interstate commerce and that defendants are representatives of employees in industry affecting interstate commerce as defined in the Labor Management Relations Act.

Under 28 U.S.C.A. § 1441(a), a cause is removable to this Court if the action could have originally been brought here. Kern v. Huidekoper, 1880, 103 U.S. 485, 26 L.Ed. 354; Stoll v. Hawkeye Casualty Co., 8 Cir., 1950, 185 F.2d 96, 22 A.L.R.

2d 899. Unless the state court was without jurisdiction. Lambert Run Coal Co. v. Baltimore & O. R. R., 1922, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671; Kunz v. Lowden, 10 Cir., 1942, 124 F.2d 911; Southern Pac. Co. v. City of Willow Glen, 9 Cir., 1931, 49 F.2d 1005, certiorari denied 284 U.S. 666, 52 S.Ct. 39, 76 L.Ed. 564. Or unless Congress has expressly prohibited removal. 28 U.S. C.A. § 1441(a).

 Section 301(a) of the Labor Management Relations Act, 29 U.S.C.A. § 185(a) provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

This section created substantive rights which are governed by federal, and not state law. Textile Workers Union of America v. Lincoln Mills of Alabama, 1957, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed. 2d 972. Thus, insofar as a suit for violation of a collective bargaining agreement comes within the provisions of Section 301(a), Congress has occupied or pre-empted the legislative field, or, in other words, Congress has precluded the states from applying state law. This is clearly indicated in Local 24, International Brotherhood of Teamsters, AFL–CIO v. Oliver, 1959, 358 U.S. 283, 79 S. Ct. 297, 3 L.Ed.2d 312. Plaintiff cites a line of cases, including Garner v. Teamsters Union No. 776 (A.F.L.), 1953, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228, for the proposition that Congress has not occupied or pre-empted the field covered by the Labor Management Relations Act. The Court, in Garner, at page 488 of 346 U.S., at page 164 of 74 S.Ct. stated:

"The National Labor Management Relations Act, as we have before

pointed out, leaves much to the states, though Congress has refrained from telling us how much. We must spell out from conflicting indications of congressional will the area in which state action is still permissible."

But that line of cases involved conflict between state jurisdiction with that of the National Labor Relations Board. They did not involve suits for violations of a collective bargaining agreement. Under Section 301(a), the Board has no jurisdiction. A suit may be brought in a United States District Court originally and by a private litigant. As noted by the Supreme Court in the Lincoln Mills case at page 452 of 353 U.S., at page 916 of 77 S.Ct., the Congressional intent under Section 301(a) was to leave the enforcement of collective bargaining contracts to the "usual process of the law and not to the National Labor Relations Board." And "federal interpretation of the federal law will govern, not state law." At page 457 of 353 U.S., at page 918 of 77 S.Ct.

It is, therefore, the holding of this Court that Congress has pre-empted the substantive field as to actions within the provisions of Section 301(a).

 Plaintiff states a claim or cause of action against defendants for breach of a collective bargaining agreement. The allegation in the Petition for Removal that the employer and the employees are in an industry affecting commerce brings the action within Section 301(a). Fay v. American Cystoscope Makers, D.C.S.D.N.Y.1951, 98 F.Supp. 278. Since only federal substantive law can be applied, plaintiff cannot choose to have state law applied and cases like Gully v. First Nat'l Bank, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 and The Fair v. Kohler Die and Specialty Co., 1913, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 do not appear to be in point. Therefore, the claim or cause of action for breach of the agreement as alleged in the complaint is one which plaintiff could have originally brought in the United

**514**

States District Court, at least insofar as plaintiff asks for damages.

■ Jurisdiction, or power of a court, to determine the cause is not exclusive in the federal courts, however. Unless Congress makes jurisdiction exclusive, as it has in several areas, the federal and state courts have concurrent jurisdiction to try federal causes of action. Second Employers' Liabilities Cases (Mondou v. New York, N. H. & H. R. Co.) 1913, 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327; State of Tennessee v. Union & Planter's Bank, 1894, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; McCarroll v. Los Angeles County District Council of Carpenters, 1957, 49 Cal.2d 45, 315 P.2d 322, certiorari denied 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed. 415. See also Romero v. International Terminal Operating Co., 1959, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed. 2d 368. A reading of Section 301(a) clearly shows that Congress has not given the federal courts exclusive jurisdiction. Also, a reading of the statute shows that Congress has not expressly prohibited removal of a cause that was commenced in a state court. The Court, therefore, is of the opinion that plaintiff's cause for damages for breach of the agreement was properly removed to this Court. Minkoff v. Scranton Frocks, Inc., D.C.S.D.N.Y. 1959, 172 F.Supp. 870; Ingraham Co. v. Local 260, International Union of Electrical Workers, AFL–CIO, D.C.Conn.1959, 171 F.Supp. 103; Tool and Die Makers v. General Electric Co. X-Ray Dept., D.C. E.D.Wis.1959, 170 F.Supp. 945; Underwood Corp. v. Local 267, Internat'l Union of Electrical Workers, AFL–CIO, D.C. Conn.1957, 171 F.Supp. 102; Fay v. American Cystoscope Makers, supra. But cf. International News Service v. Gereczy, D.C.S.D.N.Y.1958, 160 F.Supp. 5.

However, that part of the plaintiff's complaint in which it asks for injunctive relief against a strike presents a different problem.

■ The plaintiff asks for an injunction against the defendants to restrain them from striking in violation of the "no-strike" clause of the collective bargaining agreement. Although on a motion to remand it cannot be definitely determined that the facts of this case are within the confines of the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., which deprives the federal district courts of jurisdiction to enjoin strikes by labor unions, there is serious doubt in the mind of this Court that it has jurisdiction in this case. Therefore, under the rule that cases in which jurisdiction is doubtful should be remanded, the Court is of the opinion that the motion to remand should be granted insofar as plaintiff's complaint seeks an injunction against the defendants for violation of the "no-strike" clause of the collective bargaining agreement.

■ Neither Section 301(a) of the Labor Management Relations Act nor the Textile Workers Union of America v. Lincoln Mills of Alabama case, supra, have lifted the jurisdictional bar of the Norris-LaGuardia Act. A. H. Bull Steamship Co. v. Seafarers' International Union of North America, AFL–CIO, 2 Cir., 1957, 250 F.2d 326, certiorari denied 355 U.S. 932, 78 S.Ct. 411, 2 L.Ed.2d 414; Associated Tel. Co. v. Communication Workers of America, CIO, D.C.S.D. Cal.1953, 114 F.Supp. 334; Castle & Cooke Terminals v. Local 137, Internat'l Longshoremen's Union, D.C.Hawaii, 1953, 110 F.Supp. 247. Defendants cite the case of Pocahontas Terminal Corp. v. Portland Building & Construction Trade Council, D.C.Me.1950, 93 F.Supp. 217, for the proposition that on removal the Court should ascertain only whether it has power to hear the case and not whether it lacks power to grant the relief sought. It is an anomalous situation when on the one hand a company cannot have an injunction against a strike in violation of a "no-strike" clause in a collective bargaining agreement, A. H. Bull Steamship Co. v. Seafarers' International Union of North America, AFL–CIO, supra, and on the other a union may obtain relief compelling the company to submit to arbitration, Textile Workers Union of America v. Lincoln Mills of Alabama,

supra, while at the same time the Congressional intent is that the union's agreement not to strike during the term of the agreement is the *quid pro quo* of the company's agreement to arbitrate grievances. Moreover, it would be incongruous to hold that the case, insofar as it seeks injunctive relief, is removable and then shortly thereafter hold that that part of the complaint is dismissed for lack of jurisdiction under Norris-LaGuardia. Thus, the Pocahontas case will not be followed if the plaintiff recasts its complaint so that it will state a separate claim or cause of action when injunctive relief is requested and a separate claim or cause of action when damages are requested.

Whether plaintiff's three causes of action be considered as "separate and independent" under 28 U.S.C.A. § 1441 (c), or as a single cause of action under the "single wrong" test, American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702; Preas v. Phebus, 10 Cir., 1952, 195 F.2d 61; Knight v. Chrysler Corp., D.C.N.J.1953, 134 F. Supp. 598, does not affect the disposition to be made of this motion. If the allegations of conspiracy and interference of contractual relations be considered as separate and independent causes of action, they may be removed under 28 U.S. C.A. § 1441(c) along with the cause of action for breach of the contract; whereas, if there is but one cause of action for a wrong, the primary wrong against the plaintiff is the breach of the collective bargaining agreement and the cause may be removed under 28 U.S.C.A. § 1441(a). See Fay v. American Cystoscope Makers, supra.

In accordance with this opinion, an order will be entered on or before the 15th day of September, 1959, granting plaintiff's motion to remand as to the claims or causes of action wherein injunctive relief is requested and denying plaintiff's motion to remand as to the claims or causes of action wherein damages are requested, Provided that on or before the 15th day of September, 1959, plaintiff files a reformed complaint as herein indicated. If plaintiff does not recast its complaint within the time specified, an order will be entered on the 16th day of September, 1959, denying plaintiff's motion to remand.