LODGE 743 of the **INTERNATIONAL ASSOCIATION OF MACHINISTS,** Plaintiff,

v.

UNITED AIRCRAFT CORPORATION, Defendant.

No. 8586.

United States District Court
D. Connecticut.

Jan. 24, 1961.

F. Timothy McNamara, Zeman, Daly & McNamara, Hartford, Conn., for plaintiff.

Charles A. Mahan, East Hartford, Conn., Joseph C. Wells, Reilly & Wells, Washington, D. C., for defendant.

ANDERSON, Chief Judge.

The plaintiff moves to remand this action to the state court, where it was originally returned. The complaint seeks the reformation of a contract between the defendant employer and the plaintiff union, which is "a labor organization representing employees in an industry affecting commerce" within the meaning of Title 29 U.S.C.A., Chapter 7, § 141 et seq.

The question raised by this motion is whether or not a suit for reformation of a contract is a "suit for violation of a contract" under Sec. 301(a) of the Labor Management Relations Act of 1947, Title 29 U.S.C.A. § 185(a).

Collective bargaining in industries affecting interstate commerce is comprehensively regulated by federal law and includes the negotiations, the making of the agreement and the enforcement of the rights and duties created by it. A suit for reformation of such an agreement may concern an earlier stage in the relationship of the parties than a case purely concerned with the fact of a claimed violation of a contractual provision, concerning the meaning of which there is no disagreement. But reformation deals with exactly the same stage in the parties' relationships as a case arising out of a claimed violation by one or the other where the existence or absence of the claimed violation turns on the construction to be given an ambiguous clause or provision of the contract. In both instances, i. e. "reformation" and "construction", the court is called upon to determine what, in the course of negotiations and the making of the contract, the parties really agreed upon; in the former, it must decide whether a certain provision was a part of the agreement made or not and, in the latter, it must decide what the parties meant by what they said. It cannot be sensibly asserted that the Federal Court loses jurisdiction the moment it is called upon to construe a portion of the contract in a suit for violation. In applying Sec. 301(a) there is similarly no reason to deny federal jurisdiction where reformation of the contract is sought. It is true that in a case like the reformation case presently before the court, the action is procedurally aimed at forestalling a later suit for damages or specific performance, but this is another way of saying that the relief sought here is similar to a de-

claratory judgment—a remedy clearly intended by Congress in enacting Sec. 301 (a). Textile Workers Union of America v. Lincoln Mills, 1957, 353 U.S. 448, 455–456, 77 S.Ct. 912, 1 L.Ed.2d 972.

The construction of Sec. 301(a) urged by the plaintiff is narrow and artificial and out of line with the broader application of the section which this court, previously, in suits for vacation and modification of arbitrators' awards, held should be followed. Underwood Corp. v. Local 267, Intern. U. of E., R. & M. Wkrs., D.C.1957, 171 F.Supp. 102; and Ingraham Co. v. Local 260, Intern. U. of E., R. & M. Wkrs., D.C.1959, 171 F.Supp. 103.

The plaintiff's motion to remand is denied.