**CENTRAL METAL PRODUCTS, INC.,**
Plaintiff

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, (UAW–CIO), LOCAL NO. 1249; and Grievants William Whitney, John Allgood, Orlan B. Thorn, Ralph Bennett, and J. C. Brents, Defendants.**

No. J 61 C 12.

United States District Court
E. D. Arkansas,
Jonesboro Division.
June 15, 1961.

Vincent E. Skillman, Jr., Skillman & Webb, West Memphis, Ark., for plaintiff.

James E. Youngdahl, McMath, Leatherman, Woods & Youngdahl, Little Rock, Ark., for defendants.

YOUNG, District Judge.

This is an action to vacate the award entered on a labor grievance voluntarily submitted to arbitration pursuant to the terms of the collective bargaining agreement between plaintiff and defendant, Local 1249. The action was commenced in the Circuit Court of Mississippi Coun-ty, Arkansas, and was removed to this court by defendants upon the theory that it presented a violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C.A. § 185(a), thereby presenting a claim or right arising under a law of the United States within the original jurisdiction of this court, removable under 28 U.S.C. § 1441(a, b). Plaintiff has moved to remand; upon consideration of this motion upon the briefs and pleadings, the motion to remand is denied.

The allegation in the petition for removal that this suit is between parties affiliated to an industry affecting commerce within the definition of the Taft-Hartley Act has not been denied, and indeed, has been admitted in plaintiff's answer to the counterclaim filed in this court by defendants. Plaintiff does deny, however, that this is a suit for a violation of contract within the meaning of § 185. Jurisdiction cannot be established upon the cause of action asserted in the counterclaim, for in this District the rule has been long established to the contrary. See Trullinger v. Rosenblum, D.C.E.D.Ark.1955, 129 F. Supp. 12; accord, Ingram v. Sterling, D.C.W.D.Ark.1956, 141 F.Supp. 786, and defendants do not dispute this. Clearly, however, any right of defendants to seek a federal forum cannot be defeated by the wording of plaintiff's complaint below, if otherwise it is clear that the cause of action asserted therein is one within the original jurisdiction of a federal court. Though it is sometimes said that federal jurisdiction must be shown by the complaint without reference to the petition for removal, Willingham v. Creswell-Keith, Inc., D.C.W.D.Ark.1958; 160 F. Supp. 741; accord, Pan American Petroleum Corporation v. Superior Court, 1961, 366 U.S. 656, at page 663, 81 S.Ct. 1303, at page 1307, clearly this is too broad a statement of the rule apart from the circumstances of the cases in which it is applied. The familiar examples of fraudulent joinder being contested by

the petition for removal, or of diversity residence being set out by such petition though not appearing in the complaint, demonstrate that such statement of the rule, if not too broad, is at least not without its exceptions. Here plaintiff's complaint does not disclose whether he relies upon state or federal law, but even assuming that plaintiff intended reliance only upon non-federal ground, still if his complaint, fairly construed, reveals that his cause of action raises a question of violation of a contract with a labor organization representing employees in an industry affecting commerce, as defined in the Taft-Hartley Act, where the plaintiff is, himself, an employer in such industry, then the action is removable although some of the particulars required for federal jurisdiction must be made plain in the petition for removal. Ingraham Co. v. Local 260, D.C.D.Conn.1959, 171 F.Supp. 103; Minkoff v. Scranton Frocks, Inc., D.C.S.D.N.Y.1959, 172 F. Supp. 870.

Plaintiff's complaint below recognized the contract with defendant union and the arbitration had thereunder, but alleged that the arbitrator exceeded the powers vested in him by the contract, alleged that his award impinged upon functions reserved to management and otherwise enlarged the terms of the contract, and asserted that the arbitrator imperfectly performed his duty. Federal jurisdiction under 29 U.S.C.A. § 185 (a) over such a cause of action—an action brought by a party declining to abide by a collective bargaining contract arbitration decision—is firmly established by applicable decisions. A. L. Kornman Co. v. Amalgamated Clothing Workers, 6 Cir., 1959, 264 F.2d 733; Textile Workers Union of America v. Cone Mills Corp., 4 Cir., 1959, 268 F.2d 920; American Brake Shoe Co. v. Local 149, 4 Cir., 1961, 285 F.2d 869; Underwood Corp. v. Local 267, D.C.D.Conn.1957, 171 F. Supp. 102; Ingraham Co. v. Local 260, supra; Minkoff v. Scranton Frocks, Inc., supra [declining to follow International News Service v. Gereczy, D.C.S.D.N.Y. 1958, 160 F.Supp. 5]; but cf. Mississippi Valley Elec. Co. v. Local 130, 5 Cir., 1960, 278 F.2d 764, reversed on rehearing, 5 Cir., 1961, 285 F.2d 229.

The motion to remand is accordingly denied.