CENTRAL PACKING COMPANY OF
KANSAS, INC., Plaintiff,
v.
UNITED PACKINGHOUSE WORKERS
OF AMERICA, LOCAL UNION
NO. 36, AFL–CIO, Defendant.

No. KC–1526.

United States District Court
D. Kansas.

June 28, 1961.

Robert F. Bennett (of Bennett & Lytle), Prairie Village, Kan., and Harry L. Browne and James R. Willard (of Spencer, Fane, Britt & Browne), Kansas City, Mo., for plaintiff.

James H. Barnes, Kansas City, Kan., and Eugene Cotton (of Cotton, Fruchtman & Watt), Chicago, Ill., for defendant.

ARTHUR STANLEY, Jr., District Judge.

The defendant union by its motion to dismiss the complaint challenges this court's jurisdiction over the subject matter of the action.

In its complaint, the plaintiff employer affirmatively alleges jurisdiction by virtue of § 301(a) of the Labor Management Relations Act (29 U.S.C.A. § 185 (a)).

This is a "suit * * * between an employer and a labor organization representing employees in an industry affecting commerce"; and if it is a suit for violation of the contract between the union and the employer, jurisdiction is vested in this court by § 301(a) without respect to the amount in controversy and without regard to the citizenship of the parties. The sole question presented, then, is whether the suit is in fact one for violation of the contract between the parties.

Plaintiff and defendant are parties to a collective bargaining agreement controlling wages, working conditions and terms of employment of certain employees of plaintiff, members of defendant. The agreement makes provision for the adjustment of grievances, including the following clause relating to arbitration:

"Fourth: Should said parties fail to reach an agreement, the complaint shall be referred to a Committee of Arbitration to consist of three (3) persons, one selected by the Company, one by the Union, and one by the first two; who shall, as soon as convenient, hear the matter upon its merits and render its decision. Such decisions shall be final and binding upon all parties thereto. The Board will have no power to add to or subtract from the terms of this Agreement and its power will be limited to the interpretation of the terms of the Agreement as they have bearing on the grievance being arbitrated. If parties fail to agree on an impartial arbitrator after five (5) days unless otherwise mutually agreed, an arbitrator shall be chosen by the Federal Mediation and Conciliation Service. The expense of such an arbitrator shall be shared equally by the parties.

"Each party shall pay the expense of its own representative on such Committee of Arbitration, and shall pay one-half of the expense of the third arbitrator and of any other expense incurred in connection with such arbitration proceeding. Cases of members of the Union claiming to have been improperly discharged shall come within the purview of this Section and shall be decided in accordance herewith. * * *"

The events giving rise to the dispute are chronologized in the complaint:

"On September 30, 1960, one Robert Davis, then an employee of plaintiff, was discharged by plaintiff for violation of a Company rule. A dispute arose between plaintiff and defendant over the discharge of Davis, and the above cited provisions of the collective bargaining agreement were invoked.

"Pursuant to an agreement of the parties the matter was submitted to arbitrator C. W. Bothwell and hearing before said arbitrator was held at Kansas City, Missouri, on January 20, 1961. Said arbitrator issued an opinion and award on March 3, 1961, a copy of which is attached hereto, marked Exhibit A, and made a part hereof.

"Said arbitrator based his award on information and alleged facts obtained outside of the record, and is recited on page 9 of said award as follows:

" 'The arbitrator has made inquiry at the office of the Trustee concerned with the proceedings under Chapter XIII of the Bankruptcy Act involving Sylvester Stewart and the grievant, Robert Davis, to determine and verify certain facts, and to find the reason for certain

actions being taken in the proceedings involving the two employees.' "

Plaintiff complains of the consideration by the arbitrator of matters outside the record (inquiry into the proceedings in the Stewart case), asserting that by so doing he deprived plaintiff of an opportunity to examine and cross-examine witnesses, rebut evidence produced, "or even to know what evidence had been obtained or was to be considered." Plaintiff contends that the action of the arbitrator in basing his award on matters outside the record amounted to such misconduct on his part as to vitiate the award, and prays for its vacation.

The arbitrator's award, attached to the complaint, discloses that the grievant, Robert Davis, was discharged for violation of a company rule providing for the dismissal of any employee who invoked Chapter XIII of the Bankruptcy Act. The rule had been applied on three previous occasions. In the case of one dismissal, that of Sylvester Stewart, the defendant had initiated grievance proceedings. The arbitrator, in the award with which we are here concerned, recites (in addition to the statement quoted from Paragraph 7 of the complaint) that:

"On November 9, 1959, agreement was reached between the Company and the Union on a settlement of the Sylvester Stewart grievance. The settlement included three points:

"1. Stewart would be reinstated without back pay but with all other rights under the Agreement restored.

"2. If the Company is again called upon to disburse money for Stewart he may be separated immediately without recourse to the grievance procedure.

"3. The disposition of this case shall not be a precedent for any future cases involving violation of the rule regarding wage earner plans."

Ignoring the agreement between the parties that the disposition of the Stewart case should not be considered as a precedent in future cases involving the same issues, the arbitrator decided that Davis should be reinstated, substituting a penalty of suspension for one week, and ordered the payment of back pay for the time lost. That he gave great weight to the Stewart case is evidenced by the following excerpts from his award:

"* * * After studying the facts with regard to both the Sylvester Stewart and Robert Davis cases, the arbitrator finds no reason to believe that the order would not have been withdrawn in the case of Davis on the basis of the same agreement with the Trustee as in the Sylvester Stewart case.

\* \* \* \* \*

"There is also another important reason to find the rule unreasonable as it was applied here, and the penalty of discharge improper. The arbitrator can find no material differences in the facts in the Sylvester Stewart and Robert Davis cases. Essentially the same thing happened in each instance with about the same record of performance under a wage earner plan. * * *

"* * * Because of the nature of the negotiated settlement in the Sylvester Stewart case which amounted to a suspension, the arbitrator substitutes a penalty of one week suspension for the discharge."

In support of its motion to dismiss, the defendant primarily relies on the case of Mengel Co. v. Nashville Paper Prod. & Spec. Wkrs. Union, 6 Cir., 1955, 221 F.2d 644, and a number of cases, which have followed Mengel, from the Southern District of New York. Hall v. Sperry Gyroscope Co. Div. of Sperry Rand Corp., D.C.S.D.N.Y.1960, 183 F. Supp. 891; Wamsutta Mills v. Pollock, D.C.S.D.N.Y.1959, 180 F.Supp. 826; International News Service v. Gereczy, D. C.S.D.N.Y.1958, 160 F.Supp. 5.

The plaintiff's contention that this is a suit for violation of a contract within the meaning of § 301(a), rests ultimately on

Textile Workers Union of America v. Lincoln Mills, 1957, 353 U.S. 448, 77 S. Ct. 912, 1 L.Ed.2d 972, and a number of cases from the District of Connecticut. Lodge 743, International Ass'n of Machinists v. United Aircraft Corp., D. C.D.Conn.1961, 190 F.Supp. 464; Ingraham Co. v. Local 260, Inter. U. of E., R. & M. Wkrs., D.C.D.Conn.1959, 171 F.Supp. 103; Underwood Corp. v. Local 267, Inter. U. of E., R. & M. Wkrs., D.C. D.Conn.1957, 171 F.Supp. 102. Lincoln Mills was a suit by a union pursuant to § 301(a) to compel arbitration as the last step of a grievance procedure. The Supreme Court held, in part, that such a suit was for the violation of a contract and thus within the jurisdiction of the federal district court as established by § 301(a). The present case is one step beyond the situation in Lincoln Mills, the parties here having submitted the grievance to arbitration and an award having been made.

■ The Mengel case, supra, was a declaratory judgment action filed in the federal district court. The plaintiff sought a declaration of invalidity of an arbitration award and an injunction staying enforcement of the award. The basic issue in the case was whether or not the event in controversy presented an arbitrable question under the collective bargaining agreement. In holding that the suit had been properly dismissed as not arising under § 301(a), the court said: "The present suit, instead of seeking to enforce a contract provision attacks the validity of an arbitration award on the ground that there was *no contract* authorizing the arbitration and the award." 221 F.2d at page 647. Two of the other cases cited by the defendant presented the same issue, but at a different point in the sequence of events. Hall v. Sperry Gyroscope Co., supra, and Wamsutta Mills v. Pollock, supra. In these two cases suit originally had been filed in the state court seeking a stay of arbitration on the ground that the grievance was not arbitrable under the collective bargaining agreement. In both instances the federal district court remanded the cases, holding that it did not have jurisdiction over the subject matter because there was no allegation of a contract violation. I do not believe that these three decisions can be reconciled with the Lincoln Mills Case. The decisions in Sperry Gyroscope and Wamsutta Mills are based on the results of the race to the court house, for it is clear that under Lincoln Mills the federal district courts have jurisdiction to determine whether or not arbitration should be compelled. In order for the state court upon remand to stay arbitration, there must be a determination that the questions presented are not arbitrable and hence to allow arbitration would be in violation of the collective bargaining agreements. The same reasoning is applicable to the Mengel case. The plaintiff there alleged that an issue not arbitrable under the collective bargaining agreement had been submitted to arbitration. Arbitration of a non-arbitrable issue is just as much a violation of the collective bargaining agreement as is the refusal to arbitrate an arbitrable issue. Armstrong-Norwalk Rubber Corp. v. Local Union No. 283, D.C.D.Conn.1958, 167 F.Supp. 817. Even when the parties have agreed to submit all questions of contract interpretation to arbitration, it is still a proper function of the court to ascertain " * * * whether the party seeking arbitration is making a claim which on its face is governed by the contract." United Steelworkers of America v. American Mfg. Co., 1960, 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403.

■ It seems rather clear that when one party refuses to abide by an arbitration award, such refusal amounts to a violation of the contract. See e. g., United Steelworkers of America v. Enterprise Wheel & Car Corp., 1960, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424; Textile Workers Union of America v. Cone Mills Corp., 4 Cir., 1959, 268 F.2d 920, certiorari denied 1959, 361 U.S. 886, 80 S.Ct. 157, 4 L.Ed.2d 121. Issues such as we have here, relating to the validity of the award presumably could be tendered and

litigated in such a suit. See Textile Workers Union of America v. Cone Mills Corp., supra, 268 F.2d at page 925.

The issues of a suit, not the denomination of the parties as plaintiff or defendant, should establish subject matter jurisdiction. Taking the allegations of the complaint as true for purposes of this motion, it is concluded that the conduct of the arbitrator amounts to a violation of the collective bargaining agreement. A reasonable construction of any collective bargaining agreement is that the parties intend the arbitrators of their grievances to adjudicate within some procedural rubric. Although it was agreed that the arbitration decisions were to be final and binding upon the parties, implicit in such an agreement was the concept of decisions reached by a fair means. The defendant's contention that the plaintiff is not entitled to bring suit pursuant to § 301(a), but must await suit by the defendant and there raise the issue of the alleged invalidity of the arbitration award is not supported by the better reasoned authorities.

Finally, some mention should be made of a case decided by the Kansas Supreme Court, Coleman v. International Union, etc., Local No. 570, 1957, 181 Kan. 969, 317 P.2d 831, which was a suit to set aside an arbitration award. The appellants therein contended that the federal courts have exclusive jurisdiction of such suits. The Kansas court considered the permissive language of § 301(a), and the Lincoln Mills case, and concluded that the state and federal courts have concurrent jurisdiction of suits for the enforcement of collective bargaining agreements. This conclusion was undoubtedly correct, but the court then went further and sought to establish an alternative ground of decision founded upon the Mengel case, supra. It is noted that this alternative ground was not adopted into the court's syllabus.[1] A finding that juris-

diction exists under § 301(a) in the present case is not inconsistent with the holding of the Kansas Supreme Court in the Coleman case.

The defendant's motion to dismiss will be denied.

---

1. The Supreme Court of Kansas is required by statute (G.S. 20–111; G.S. 20–203; G.S. 60–3329) to publish with each opinion a syllabus, prepared by the writer of the opinion and approved by all concurring judges, "which shall be confined to points of law arising from the facts in the case, that have been determined by the court."