**Harry KRACOFF, Sarah Stark, Nathan Petrushansky and Doris Kracoff, Trustees of the Estate of Charles Kracoff, Deceased, t/a Manusov's Market, Plaintiffs,**

v.

**RETAIL CLERKS LOCAL UNION NO. 1357 (AFL–CIO), Defendant.**

Civ. A. No. 35473.

United States District Court
E. D. Pennsylvania.
July 28, 1965.

Marvin D. Weintraub, Philadelphia, Pa., for plaintiffs.

Howard S. Simonoff, Philadelphia, Pa., Plone, Tomar, Parks & Seliger, Camden, N. J., for defendant.

GRIM, District Judge.

In the present case, an employer, the plaintiffs, discharged an employee, William Hosendorf, who was a member of defendant, a labor organization. Defendant contested the employer's right to discharge Hosendorf and, being unable to settle the problem otherwise, the parties referred the dispute to an arbitrator in accordance with an arbitration clause in the labor contract between the parties. The arbitrator made an award reinstating Hosendorf, although without back-pay.

The employer filed a motion in a Pennsylvania state court (Philadelphia Court of Common Pleas No. 3) to modify or vacate the arbitrator's award,[1] contending that "(a) the arbitrator did not decide the question submitted to him for determination * * * (b) [t]he Arbitrator determined matters not properly before him, and attempted to cause a compromise between the parties which is unacceptable to the plaintiffs; and referred to portions of the agreement not before him * * * (c) [t]he award is against the law, and is such that had it been the verdict of a jury, the court would have entered judgment for the plaintiff, notwithstanding the verdict, in that the plaintiffs established by a clear preponderance of the evidence and by the admissions of the arbitrator himself, that the discharge of William Hosendorf was justified by the facts of this case."

Defendant removed the case to this federal court, whereupon the employer plaintiff filed a motion in this court to remand the case to the Pennsylvania state court, contending that this court does not now have and would not have had jurisdiction of the case if it originally had been brought here. This motion presents the question now before the court.

Removal to this court is authorized for any "civil action of which the district courts have original jurisdiction founded on a claim or right arising under the

1. Pennsylvania courts are authorized by the Pennsylvania Arbitration Act of April 25, 1927, P.L. 381, No. 248, § 1 et seq., (5 P.S. § 161 et seq.) to "confirm" an award (§ 9), to "vacate" an award (§ 10), to "modify or correct" an award (§ 11). Also the award can be converted into a judgment (§ 14) and thus enforced if such action is desired or cancelled if a party is entitled to this. This statute sometimes is described as the Uniform Arbitration Act.

\* \* \* laws of the United States \* \* \*."[2] 28 U.S.C.A. § 1441(b).

Thus the question arises: Does, and at the time of removal did, this United States District Court have original jurisdiction over this action to "modify, correct or vacate" the arbitrator's award made in this case?

Defendant contends that this court has jurisdiction of the case under the provisions of § 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185(a) (The Taft-Hartley Act), which provides:

> "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter \* \* \* may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Clearly, when parties to a labor contract insert therein an arbitration clause, it constitutes a violation of the contract for one of the parties to refuse to arbitrate or to abide by an arbitrator's award and under the above-quoted § 301(a), federal district courts have jurisdiction to enforce arbitration under such circumstances and to enforce an award. Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); United Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed. 2d 1409 (1960).

Likewise, although the question has not been authoritatively determined, it appears clear that there is a "viola-tion" of a labor contract within the meaning of § 301(a) when the arbitrator misuses or abuses[3] the powers conferred upon him. Although it could be argued that this misuse of power does not constitute a "violation" of the contract by one of the parties thereto, in my opinion it does constitute a "violation of \* \* \* [a contract] between an employer and a labor organization" within the meaning of the statute.

It is true generally that when one sues on a contract, he does it because of an alleged violation by a party to the contract, even though the suit be by a third-party beneficiary of a contract. However, § 301(a) does not say that a suit under it must be because of a violation by one of the parties. It confers jurisdiction when there is a suit for a violation of a contract "between an employer and a labor organization." In the present case, it is averred in substance that the labor contract has been violated by the arbitrator's misuse of power in rendering an award not authorized by the labor contract. It is this type of situation which § 301(a) purports to cover and which, in my opinion, it does cover. "Arbitration of a nonarbitrable issue is just as much a violation of the collective bargaining agreement as is the refusal to arbitrate an arbitrable issue."[4] Central Packaging Co. v. United Packinghouse Workers, 195 F.Supp. 188, 191 (D.Kans.1961).

Moreover, it must be remembered that the controversy between the employer and union which resulted in this suit essentially involves a dispute as to the interpretation and application of particular provisions of the collective bargaining agreement. The Company's position is that the arbitrator's award is not au-

---

2. If there is concurrent jurisdiction and no motion to remove to a federal court is filed, the state courts may complete the litigation, but the state courts must apply federal law, Local 174, Teamsters, Chauffeurs, Warehousemen etc. v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962).

3. For present purposes the averments of the motion to modify, correct or vacate the arbitrator's award must be deemed to be correct.

4. It should be made clear that this quotation is used only in reference to the question of jurisdiction, which is the question now before the court, and that it is not made in reference to any question bearing on the merits of the case which question or questions will arise later in the case.

thorized by the collective bargaining agreement. The Union on the other hand insists that the award was made pursuant to the terms of the collective bargaining agreement and must be enforced. Since the collective bargaining agreement provides that an arbitrator's award rendered pursuant to the contract is binding on the parties, one of the parties here is violating the contract either in not complying with a valid arbitrator's award or in seeking to subject the other party to an invalid and unauthorized award. Thus the conclusion is clear that this is a suit for the violation of a contract between employer and a labor organization which could have originally been brought in this federal court under § 301(a) of the Labor Management Relations Act of 1947 and, consequently, is properly removable to this court from a state court. See Ingraham Co. v. Int'l Union of Electrical, Radio and Machine Workers, 171 F.Supp. 103 (D.Conn. 1959).

The fact that the remedy sought by the plaintiffs here for the alleged violation of the collective bargaining agreement is a modification or vacating of the arbitrator's award, does not compel a contrary conclusion.

While the Supreme Court has specifically authorized the bringing of an action under § 301(a) to compel arbitration under a clause in a labor contract or to enforce an arbitrator's award, it has never discussed nor specifically decided whether an action may be brought under this section to modify or vacate an award. In the case of United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) the Supreme Court ordered an arbitrator's award to be enforced and the men reinstated with back-pay. However, the arbitrator had not made clear how much back-pay was due. The Supreme Court, without any comment as to jurisdiction, ordered the District Court to send the case back to the arbitrator to modify his award to make clear how much back-pay was due.

While the order to the arbitrator to modify his award admittedly involved practically nothing but an arithmetical calculation, it does indicate that the Supreme Court at least in that case was not much concerned about the court's jurisdiction under § 301(a) to order an arbitrator's award to be modified.

In Textile Workers v. Lincoln Mills, 353 U.S. 448, at 456, 77 S.Ct. 912, at 918 (1957) the Supreme Court said:

"We conclude that the substantive law to apply in suits under § 301(a) is federal law, which the courts must fashion from the policy of our national labor laws. * * * The Labor Management Relations Act expressly furnishes some substantive law. It points out what the parties may or may not do in certain situations. Other problems will lie in the penumbra of express statutory mandates. Some will lack express statutory sanction, but will be solved by looking at the policy of the legislation and fashioning a remedy that will effectuate that policy. The range of judicial inventiveness will be determined by the nature of the problem."

Of course it can hardly be contended that the Supreme Court, in suggesting that courts fashion labor remedies, authorized the courts to give themselves jurisdiction where no clear statutory jurisdiction exists. However, federal courts in their construction of § 301(a) certainly have the right to give it a sensible construction and it must be remembered that " * * * § 301 is not to be given a narrow reading * * *." Smith v. Evening News Ass'n., 371 U.S. 195, 199, 83 S.Ct. 267, 270, 9 L.Ed.2d 246 (1962). The Supreme Court in United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, at 597, 80 S.Ct. 1358 at 1361 (1960) said:

"[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. * * *

[H]is award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to *refuse enforcement of the award.*"

It would be anomalous indeed to hold that while the courts clearly have jurisdiction to refuse to enforce an improper award, the party aggrieved by such award cannot take affirmative action to have such award set aside or corrected, but must sit back and await an enforcement proceeding.

■ I conclude that the court has jurisdiction of the motion to modify, correct or vacate the arbitrator's award made in this case. Ingraham Co. v. Int'l Union of Electrical Radio and Machine Workers, 171 F.Supp. 103 (D.Conn. 1959); Central Packing Co. v. United Packinghouse Workers, 195 F.Supp. 188 (D.Kans.1961). It should also be noted that in H. K. Porter Co. v. United Saw, File and Steel Products Workers, 333 F.2d 596 (3d Cir. 1964), the Court of Appeals without discussing the problem of jurisdiction vacated part of an arbitrator's award under a labor contract in an action under § 301(a).

The employer plaintiffs put great reliance upon the case of American Dredging Co. v. Local 25, Marine Div., etc., 338 F.2d 837 (3d Cir. 1964) cert. denied 380 U.S. 935, 85 S.Ct. 941, 13 L.Ed.2d 822 (1965). In the American Dredging case there was a no-strike clause in a labor contract. The employer brought an action in a Pennsylvania state court requesting an injunction against a strike which was removed to a federal district court. The plaintiff employer then moved in the federal court to remand the case to the state court, just as the plaintiffs have done in the present case. The Court of Appeals for the Third Circuit ordered that the motion to remand be

granted, largely because under the federal Norris-La Guardia Act federal courts cannot grant injunctions against strikes in cases involving labor disputes. The American Dredging case does not control the present case. There is no federal statute nor any other expression of federal policy which prohibits the remedy requested in the present case, namely the modifying or vacating of the award of the arbitrator.

■ Plaintiffs contend that their business is so small that it does not affect interstate commerce and does not come within the provisions of the Labor Management Relations Act.[5] This contention must be rejected. Plaintiffs have a retail store in Philadelphia which does a gross business of about $1,000,000 a year. Very much of its produce comes from outside Pennsylvania. For instance, annually they buy and sell about $5,720 worth of bananas, a total of about $8,500 worth of oranges and grapefruit, about $1,500 worth of apples, about $8,800 worth of Idaho potatoes, about $2,400 worth of Eastern Shore of Maryland potatoes, about $2,400 worth of Maine potatoes, about $1,200 worth of melons, about $10,000 worth of cabbages and lettuce, about $2,200 worth of tomatoes. Together the out-of-state produce adds to at least $50,000 a year. In addition, plaintiffs buy and sell from $8,000 to $10,000 worth of seafood which originated from sources outside Pennsylvania. Plaintiffs clearly are in a business affecting interstate commerce within the meaning of the Labor Management Relations Act.

■ Defendants contend that they are entitled to summary judgment. A careful examination of the documents in this case, however, fails to disclose a motion for summary judgment. Consequently, no such motion will be acted upon at this time.

---

5. "Industry affecting commerce" is defined in the Act as "any industry or activity in commerce or in which a labor dispute would burden or obstruct commerce or tend to burden or obstruct commerce or the free flow of commerce." 29 U.S. C.A. § 142(1).

## ORDER

And now, this 28th day of July, 1965, the motion of plaintiffs to remand this case to the Court of Common Pleas No. 3 of Philadelphia County, Pennsylvania, is denied.