**LUDWIG HONOLD MFG. CO.,**
a corporation

v.

**Harold A. FLETCHER and United Automobile Workers, Local 416.**

**Civ. A. No. 40758.**

United States District Court
E. D. Pennsylvania.

Oct. 11, 1966.

# 918

Robert F. Jackson, Media, Pa., for plaintiff.

Richard J. Hobin, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

FULLAM, District Judge.

Plaintiff-employer filed suit in the Court of Common Pleas of Delaware County, Pennsylvania, seeking to overturn a determination by arbitrators that the defendant-employee was entitled to certain seniority rights under a collective-bargaining agreement between plaintiff and the defendant union. The defendants removed the action to this Court, and plaintiff now asks us to remand, on the theory that the case involves merely an individual dispute between employer and employee, and that the union is merely a nominal party.

Plaintiff's position is clearly untenable. 28 U.S.C. § 1441(a) confers an absolute right to remove from state to federal courts any civil action "of which the district courts of the United States have original jurisdiction", with certain exceptions not here applicable. Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) makes clear that this Court has jurisdiction over "Suits for violation of contracts between an employer and a labor organization representing employees * * *." And the reported decisions are uniformly to the effect that cases like the present one are in that category. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); Kracoff v. Retail Clerks Local Union No. 1357, 244 F.Supp. 38 (E.D. Pa.1965); United Steelworkers of America v. Copperweld Steel Co., 230 F.Supp. 383, 385 (W.D.Pa.1964). The availability of Federal courts to labor organizations enforcing the purely individual claims of covered employees has recently been reaffirmed in International Union, United Auto, etc., Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 699, 700, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). The remand will be refused.